IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANA M. ABREU-VELEZ, M.D.
1192 Cumberland Road, N.E.
Atlanta, GA 30306
Ph.D.,

    Plaintiff,

     v.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF
GEORGIA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-4187-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Defendant Emory University's Motion to Dismiss [Doc. 27] and the Defendants Board of Regents of the University System of Georgia and Georgia Regents University's Motion to Dismiss [Doc. 28]. For the reasons set forth below, the Defendant Emory University's Motion to Dismiss [Doc. 27] is GRANTED and the Defendants Board of Regents of the University System of Georgia and Georgia Regents University's Motion to Dismiss [Doc. 28] is GRANTED.

# I. Background

The Plaintiff Ana Abreu-Velez claims that she was subjected to retaliation as a result of complaints she made about certain clinical trials performed at Georgia medical schools. The Plaintiff was employed as a research assistant and study coordinator in the Ophthalmology Department of the Medical College of Georgia (now called Georgia Regents University).[1] She alleges that while she was there, the Department performed certain clinical trials in a manner that violated federal and state laws. In particular, the Plaintiff alleges that the Department, when conducting clinical trials for a company called Theragenics, Inc., gave kickbacks to certain physicians and violated rules concerning "the billing of persons participating."[2] The Plaintiff alleges that she reported these violations, and was subsequently terminated from her post as a result.[3] She brought suit against the Board of Regents and the Medical College of Georgia in the U.S. District Court for the Southern District of Georgia, and asserted a First Amendment retaliation claim.[4] She argued, *inter alia*, that she was terminated

---

[1]     Second Am. Compl. ¶¶ 6-7.

[2]     Second Am. Compl. ¶ 7.

[3]     Second Am. Compl. ¶ 7.

[4]     Second Am. Compl. ¶ 8.

as a result of her protected expression. The district court granted summary judgment against the Plaintiff's claims.[5]

The Plaintiff asserts that she continued to report "irregularities" in certain clinical trials performed in Georgia, and that she was subjected to "post-termination retaliation."[6] According to the Plaintiff, Dr. Thomas Lawley (former Dean of the Emory School of Medicine) and Dr. Daniel Rahn (former President of the Medical College of Georgia) "have a close relationship and conspired to retaliate against [the Plaintiff]" because of her complaints. For example, the Plaintiff was a postdoctoral fellow at the Winship Cancer Institute of the Emory School of Medicine in the fall of 2005.[7] Her employment was terminated in late 2005 due to a racist remark that she allegedly made to a staff member.[8] She claims that this was a part of the conspiracy to retaliate against her. In addition, the Plaintiff submitted an application to have her Green Card renewed, which was denied.[9] She alleges that the Emory Human

---

[5]     Second Am. Compl. ¶ 8; see also Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., No. CV 105-186, 2009 WL 362926, at *11 (S.D. Ga. Feb. 12, 2009) aff'd sub nom. Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 328 Fed. Appx. 611 (11th Cir. 2009).

[6]     Second Am. Compl. ¶¶ 9-10.

[7]     Second Am. Compl. ¶ 11.

[8]     Second Am. Compl. ¶ 11.

[9]     Second Am. Compl. ¶¶ 14-15.

Resources Department interfered with her application, and that this was also done in furtherance of the conspiracy.[10] Even more, the Plaintiff refers to several other incidents – e.g., acts of vandalism – that she also believes were connected to the conspiracy.[11] The Plaintiff brought this suit against the Board of Regents of the University System of Georgia, Georgia Regents University, and Emory University. She asserts claims under section 1983 (First Amendment Retaliation), the Georgia Whistleblower Act, and the Federal False Claims Act. The Defendants now move to dismiss.

## II. Legal Standard

A plaintiff may survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the factual allegations in the Complaint give rise to a plausible claim for relief.[12] For a claim to be plausible, the supporting factual matter must establish more than a mere possibility that the plaintiff is entitled to relief.[13] In determining whether a plaintiff has met this burden, the Court must assume all of the factual allegations in the Complaint

---

[10]     Second Am. Compl. ¶ 14.

[11]     Second Am. Compl. ¶ 16.

[12]     See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

[13]     See Iqbal, 556 U.S. at 678.

to be true. The Court, however, need not accept as true any legal conclusions found in the Complaint.[14]

## III. Discussion

### A. Section 1983 (First Amendment Retaliation)

The Plaintiff claims that the alleged interference with her Green Card application and the alleged acts of vandalism were done in retaliation for the complaints that she made following her termination from the Medical College of Georgia.[15] For a section 1983 First Amendment retaliation claim, the Plaintiff "must establish these elements: (1) [her] speech was constitutionally protected; (2) [she] suffered adverse action such that the [Defendants'] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech."[16] For the causal connection element, the Plaintiff must show that her

---

[14]     See id.; Twombly, 550 U.S. at 555 (A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted).

[15]     Pl.'s Resp. to Emory's Mot. to Dismiss, at 6.

[16]     Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

"protected conduct was a motivating factor behind any harm."[17] The "subjective motivation of the defendants is at issue."[18]

Here, even assuming, *arguendo*, that the Plaintiff has adequately alleged that she engaged in protected speech and suffered adverse actions, her claim nonetheless fails.[19] The Second Amended Complaint lacks a plausible allegation that the adverse actions were causally related to her protected conduct. To begin, the Plaintiff fails to describe who engaged in the acts of vandalism against her and what his (or their) connection is to the Defendants. The Second Amended Complaint vaguely alludes to some link, but that is not sufficient to state a claim. Similarly, the Plaintiff fails to specifically identify what the Emory Human Resources Department did to interfere with her Green Card application, who in particular was responsible, and what the connection is between that person and the individuals affiliated with the Defendants who allegedly had an incentive to retaliate against the Plaintiff. In fact, according to the Plaintiff, her application "was rejected because several papers disappeared from her file at the [United States Citizenship and Immigration Services] Northlake office

---

[17]      Thaddeus-X v. Blatter, 175 F.3d 378, 399 (6th Cir. 1999).

[18]      Id.

[19]      Emory argues that neither Emory nor its employees are subject to section 1983. Given that the Plaintiff's section 1983 claim fails for other reasons, the Court need not address this argument.

in Atlanta, Georgia."[20] The Plaintiff never explains how the Defendants were, or could have been, responsible for this. Thus, the Plaintiff has failed to adequately allege that the adverse actions were caused by her protected activities.

In response, the Plaintiff largely relies on her allegation that there was a "conspiracy" between Dr. Lawley and Dr. Rahn, and that *they* directed the alleged retaliatory acts. This is precisely the type of allegation that is "not entitled to the assumption of truth."[21] Indeed, the Second Amended Complaint merely contains a bare allegation that a conspiracy existed, and lacks any "further factual enhancement."[22] There are no details concerning the conspiracy, or its connection to the alleged adverse actions. Accordingly, the Plaintiff's allegations are insufficient to establish the necessary causal link, and so her section 1983 claim should be dismissed.

## B. The Georgia Whistleblower Act ("GWA")

The Plaintiff asserts that the Defendants terminated her employment in response to her complaints, which violates the GWA. Under the GWA, "[a] public employee who has been the object of retaliation in violation of [O.C.G.A. § 45-1-4] may institute a civil action . . . within one year after discovering the retaliation or within

---

[20]     Second Am. Compl. ¶ 15.

[21]     Iqbal, 556 U.S. at 679.

[22]     Twombly, 550 U.S. at 557.

three years after the retaliation, whichever is earlier."[23] The term "retaliation" is defined by the GWA to include "the discharge . . . by a public employer of a public employee or any other adverse employment action taken by a public employer against a public employee in the terms or conditions of employment for disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or government agency."[24] Here, the two adverse employment actions occurred in 2004 (her discharge from the Medical College of Georgia) and 2005 (her discharge from the Emory School of Medicine).[25] This lawsuit, however, was filed in late 2013. Consequently, the Plaintiff's GWA claim is barred by the statute of limitations, and so it must be dismissed.

## C. The False Claims Act ("FCA")

The Plaintiff asserts a retaliation claim under the federal FCA. The "[r]elevant sections of the False Claims Act . . . prohibit the presentment of false claims to the government and the use of false records or statements to get a false claim paid or

---

[23]     O.C.G.A. § 45-1-4(e)(1).

[24]     O.C.G.A. § 45-1-4(a)(5).

[25]     The Plaintiff does not argue that any of the other adverse actions that she references – e.g., vandalism and post-termination verbal threats – constitute adverse *employment* actions under the GWA.

approved."[26] Liability "under the False Claims Act arises from the submission of a fraudulent claim to the government, not the disregard of government regulations or failure to maintain proper internal policies."[27] Additionally, "[a]ny employee . . . shall be entitled to all relief necessary to make that employee . . . whole, if that employee . . . is discharged . . . or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee . . . in furtherance of an action under this section or other efforts to stop 1 or more violations of [Subchapter III]," which includes the FCA sections referenced above.[28] Such an action for retaliation "may not be brought more than 3 years after the date when the retaliation occurred."[29] Here, the Plaintiff's FCA claim – like her GWA claim – is barred by the statute of limitations. As noted above, the adverse employment actions that the Plaintiff references occurred in 2004 and 2005. Obviously, this is more than three years before this lawsuit was filed (late 2013). Accordingly, the Plaintiff's FCA claim must be dismissed.

---

[26]     Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1321 (11th Cir. 2009).

[27]     Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005).

[28]     31 U.S.C. § 3730(h)(1).

[29]     31 U.S.C. § 3730(h)(3).

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant Emory University's Motion to Dismiss [Doc. 27] and GRANTS the Defendants Board of Regents of the University System of Georgia and Georgia Regents University's Motion to Dismiss [Doc. 28].

SO ORDERED, this 3 day of April, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge